**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANE TRAVIS MASSA,

Defendant - Appellant.

No. 14-50573

D.C. No. 3:14-cr-00471-WQH-1

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted March 10, 2016
Pasadena, California

Before: CLIFTON, CALLAHAN, and IKUTA, Circuit Judges.

Shane Massa pleaded guilty to possessing child pornography and was

ordered to pay restitution pursuant to 18 U.S.C. § 2259. He now appeals the district

court's restitution order as to three of his victims. Although we approve most of the

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

district court's treatment of restitution to these victims, it is necessary to vacate the award and to remand for further proceedings.

In its restitution order, the district court identified several factors set forth in *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014), for district courts to consider in calculating restitution awards. These factors included the number of past criminal defendants to have contributed to the victims' general losses, whether Massa reproduced or distributed images of the victims,[1] whether Massa was involved in the initial production of the images, and how many images of the victims Massa had been found to possess. The court also noted how many defendants in other cases had been ordered to pay restitution to the victims, the range of the individual restitution orders, and the sum of the total restitution paid. Taking all of these factors into account, and apparently relying on the number of images of each victim found on Massa's computer to determine "the defendant's

---

[1] Massa argues that it was error for the district court to consider the fact that he made the files available on a file-sharing site in determining the restitution amount, because the government had not proven that anyone had downloaded images of the specific victims seeking restitution. But Massa does not contest that he made the files available for download, and the district court need not provide evidence sufficient to support a conviction for distributing child pornography before it can consider that fact in crafting a restitution order. *See, e.g., United States v. Najjor*, 255 F.3d 979, 984 (9th Cir. 2001) ("The district court has broad discretion to determine the type and amount of evidence required to support an award of restitution.")

relative role in the causal process that underlies [each] victim's general losses," *Paroline*, 134 S. Ct. at 1727, the court awarded $8,000 to each of the victims whose awards are at issue on appeal.

The district court "assess[ed] as best it [could] from available evidence the significance of the individual defendant's conduct in light of the broader causal processes that produced the victim[s'] losses." *Id.* at 1727-28. This was not a "precise mathematical inquiry," but it "cannot" be. *Id.* at 1728. It would have been helpful for the court to have provided more detail as to how it reached the $8,000 figure for each victim, and we encourage the court to do so on remand, but the awards appear "reasonable and circumscribed," and neither "token or nominal" nor "severe." *Id.* at 1727. We conclude that the method the court used to reach the award amounts was neither contrary to *Paroline* nor an abuse of the district court's discretion. *See United States v. Gordon*, 393 F.3d 1044, 1051 (9th Cir. 2004) (restitution orders are reviewed for abuse of discretion providing that they are within the bounds of the statutory framework).

The district court also did not err in failing to distinguish between losses caused by the ongoing traffic in the victims' images that happened before Massa first accessed the images from the losses that happened after he first accessed the

images. *Paroline* clarified that, in the "special context" of restitution for child pornography victims:

> where it can be shown both that a defendant possessed a victim's images and that a victim has outstanding losses caused by the continuing traffic in those images but where it is impossible to trace a particular amount of those losses to the individual defendant by recourse to a more traditional causal inquiry, a court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses.

134 S. Ct. at 1728. This relaxed causation inquiry allows district courts to consider "general losses" as a starting point for the restitution analysis, where "general losses" refers to all of a victim's losses stemming from traffic in his or her images regardless of whether they were caused by any individual perpetrator at any specific moment in time. *Id.*

However, the district court did erroneously accept inflated loss estimates from each of the three victims whose awards are on appeal. This was not yet clearly established in this circuit at the time the district court calculated its award, but we have since interpreted *Paroline* to require that "the losses, including ongoing losses, caused by the original abuse of [each] victim should be disaggregated from the losses caused by the ongoing distribution and possession of images of that original abuse, to the extent possible." *United States v. Galan*, 804

F.3d 1287, 1291 (9th Cir. 2015). While we concluded above that a victim's "general losses" include all losses stemming from the traffic in his or her images, they do not include losses stemming from the original sexual abuse that the images document. *Id.* The district court erred to the extent that it accepted the victims' total damage estimates even though these estimates did not distinguish losses caused by the initial sexual abuse from those caused by ongoing traffic in images of the abuse.

We vacate the restitution order and remand for further proceedings.

**VACATED and REMANDED.**